WARING *against* BARET.

An assignee of a chose in action on which a suit is prosecuted for his benefit, on judgment for the defendant is liable for the costs.

An attorney is liable for the defendant's costs, in a suit brought by him for a nonresident plaintiff, where the defendant succeeds; and this though the plaintiff be merely nominal, having assigned his demand to a resident.

Form of the rule in such case, that the attorney pay $100, and that the assignee pay the balance.

WALLIS moved for a rule that the attorneys for the plaintiff pay the defendant $100, being a part of his costs which had been taxed in this cause, and that John Brady pay the balance.  The suit was instituted upon a promissory note, negotiable, executed by the defendant to the plaintiff, who, at the time of the commencement of the suit, and ever since, resided without this state, and no security for costs had been filed.  The note was assigned to Brady, for whose benefit this suit was prosecuted.  On the trial, the defendant proved payment and had a verdict, and his costs were taxed at $176 57.  Brady was at the commencement of the suit, and still is a resident of this state.

*Wallis* cited the 14th general rule of January term, 1799, to show, that the attorneys were liable; and *The People* v. *Bradt*, (6 John. Rep. 318 ;) and *Ketchum* v. *Clark*, (4 John. Rep. 484,) as to the liability of Brady.

*Dexter & M. T. Reynolds*, contra, contended that this was not a case within the rule cited.  The suit was commenced for the benefit of Brady, who is liable for costs.  He resides within the state and has so resided ever since the com

mencement of the suit. He is the real plaintiff, and will be so regarded by the Court within the 14th general rule of January term, 1799.

*Curia.* It is enough to subject the attorneys to the costs, that the nominal plaintiff was a non-resident of the state at the commencement of the suit. By the rule referred to, their liability is confined to 100 dollars. We grant the rule that they pay this sum ; and that Brady pay the balance.(*a*)

RULE : On filing affidavits in this cause, by which it appears that the plaintiff is a non-resident of the state of New York, and that he was such non-resident at the time of the commencement of this suit, and that this suit was prosecuted for the benefit of J. Brady, the assignee of the note on which the action was founded ; and on motion on the part of the defendant in this cause, and after hearing counsel for D. B. & J. M. attorneys for the plaintiff in this cause, ORDERED, that D. B. & J. M. Esquires, pay to the defendant his costs accrued in this cause, to an amount not exceeding the sum of 100 dollars ; and that the said J. Brady pay to the the defendant the balance of said costs, and the costs of this motion.

(*a*) In *Norton* v. *Rich,* (20 John. 47,) there was a rule for an attachment against the assignee, in the first instance ; it appearing that the taxed bill had been demanded of him.