Struppmann agt. Muller.

## N. Y. SUPERIOR COURT.

AUGUSTE STRUPPMANN and others agt. AUGUSTE MULLER and others.

*Appeal — withdrawal and dismissal of — when attorney for infant plaintiffs will be compelled, personally, to pay costs for his misconduct in bringing an appeal.*

Where an appeal has been withdrawn and dismissed by the general term on the consent of the *only* appellant, *no other party to the action* has a right to move the general term afterwards for an affirmance of the order or judgment appealed from. The party appellant or the parties appellants are the only parties who can move the court in favor of the appeal.

Where, after such dismissal, the attorney for infant parties to the action, who had no interest in said appeals, after having been informed by the general term that he appeared for a party who had no right to take any proceeding on that appeal, still prosecuted the appeal to the court of appeals :

*Held*, that he did it at his own risk, as if he were the appealing party, and should be held personally liable for the costs.

*Special Term, June,* 1878.

MOTION that the attorney for the infant plaintiffs pay the costs of an appeal to the court of appeals, personally, for his misconduct in bringing the appeal.

The plaintiffs, appellants, and the defendants, respondents, were infants.

The general guardian and guardian *ad litem* of the infant defendants Muller, on the 12th day of January, 1877, obtained leave to appeal to the general term of the superior court of the city of New York, from certain orders relieving purchasers from their bids under judgment sale herein, made by the said court. Before the opening of the appellate court, March fifth

following, the appeal was discontinued without costs, by the parties appellants, and said purchasers, respondents, and an order to that effect duly entered.

Mr. Robertson, before judgment, had been attorney for Charles Struppmann in person, and Charles Struppmann as general guardian and guardian *ad litem* for the infant plaintiffs. There was no retainer after judgment, but as he continued to act all parties were notified by Mr. Struppmann, as guardian, &c., to serve no further papers upon him.

Mr. Robertson paid no attention to this, and although he was neither a party appellant or respondent to said appeal, which had been discontinued and order entered by the court and note of issue withdrawn from the general term clerk, he filed another note of issue, attended at the general term March 5, 1877, and upon the call of the case took an order affirming the orders appealed from with costs against the infant defendants.

The orders which he thus affirmed, among other things, ordered his own client, Charles Struppmann, to pay $800 to the purchasers, respondents.

Upon the motion of the infant defendants, the next general term, on the 25th of June, 1877, vacated and set aside this order of March 5, 1877, and filed the following opinion :

*General Term, May,* 1877.

*Before* SEDGWICK, SPIER and FREEDMAN, JJ.

MOTION to vacate order.

FREEDMAN, *J.* — Upon proof that the appeals of the infant defendants, Muller from the orders of December 22, 1876, had been withdrawn pursuant to a stipulation entered into by the parties to said appeals, the general term, on February 23, 1877, granted an order dismissing said appeals without costs, and such order was duly entered.

This having been done, another party to the action, who

had no interest in said appeals, not having in fact appealed, has no right to procure, at. a subsequent general term, an order of affirmance of the orders of December 22, 1876 by default. The party appellant or the parties appellants are the only parties who can move the court in favor of the appeal. The order of March 5, 1877 should be vacated, and set aside."

From this order Mr. Daniel T. Robertson, without first obtaining leave of the court, or authority from Mr. Struppmann the guardian, appealed to the court of appeals on behalf of the infants, plaintiffs. Thereupon the appeal was not prosecuted, and the attorney for the infant defendants, respondents, served notice under Rules 2 and 7 of the court of appeals to file the return and print and serve papers on the appeal; this not being done, a motion was made in the court of appeals to dismiss the appeal with costs of appeal and motion, and that the attorney pay the same personally.

The court of appeals made the following decision : " Motion to dismiss appeal granted with costs. Motion to compel the attorney to pay costs, personally, must be made in the court below after the judgment has there been entered."

Judgment was thereupon entered in favor of the infant defendants, respondents, against the infant plaintiff, appellants for the sum of forty-eight dollars and nine cents costs of the appeal.

This motion was then made on behalf of both infants plaintiffs and defendants to compel Mr. Robertson to pay this judgment.

*George F. Langbein,* for the infant plaintiffs and defendants, for the motion argued :

I. That the infants being wards of the court, were under its special care and protection. That it would be a matter of great injury and injustice for the innocent infant plaintiffs to pay the said judgment, arising from an appeal taken without leave or authority, and that too, from a discretionary order which was not appealable. That it would be equally an injury and unjust

for the infant defendants, not to be paid the expense and costs their representatives were put to by the willful acts and misconduct of Mr. Robertson.

II. The attorney was informed by the general term that he had no right to do what he had done, and still went further in the continuance of what he was judicially informed he could not do; he caused the costs and expenses of appeal, and should be held personally liable therefor (*People* agt. *Bradt*, 6 *Johns. Repts.*, 318; *see, also, Waring* agt. *Baret*, 2 *Cow.*, 460; *Anonymous*, 2 *id.* 589).

III. That the conduct of Mr. Robertson could not be ascribed to any other than improper motives. He certainly proceeded without just cause, and should be made liable to pay the costs and disbursements (*Matter of Kelley*, 3 *Hun*, 636; *Matter of Beckwith*, *id.*, 443).

IV. He should also be fined for his misconduct (*Livingston* agt. *Livingston*, 2 *Barb.*, 396).

*Daniel T. Robertson*, in person, in opposition, claimed that the proceedings in the action had been fraudulent, and that he had felt justified in appealing. That he had sent affidavits to the court of appeals in opposition to the dismissal of the appeal, and that he had appealed in good faith.

SEDGWICK, J.—At least, after the decision of the general term, the plaintiff's attorney was judicially informed that the attorney appeared for a party who had no right to take any proceedings on that appeal, and thereafter the attorney prosecuted the appeal to the court of appeals at his own risk, as if he were the appealing party.

The motion that the attorney is to pay the costs of the appeal to the court of appeals, is granted with five dollars costs. In other respects the motion is denied.

Order entered directing the attorney to pay the judgment for costs forty-eight dollars and nine cents, and five dollars costs, within fifteen days.