AMATO RIZZI et al., complainants-respondents,

*v.*

HOVAGIM POHAN and HAIGANOOSH POHAN, his wife, defendants-appellants.

[Submitted May 27th, 1927. Decided February 6th, 1928.]

Husband and wife signed a preliminary agreement of sale of real estate standing in the name of, and in equity belonging to, the wife,

and acknowledged the receipt of $500 down money, which was taken by the husband. Later, the contract was rescinded and complainant sued to recover back the down money, making only the husband a defendant, and recovered judgment, then discovering that the wife owned the property. In a suit in equity to impress the judgment against the husband on the property of the wife, *held,* that until she had had an opportunity to defend at law, equity would not charge her land with the debt adjudicated only against her husband.

On appeal from a decree advised by Vice-Chancellor Griffin, whose opinion is reported in *100 N. J. Eq. 104.*

*Mr. J. Emil Walscheid,* for the appellants.

*Mr. John W. Ockford,* for the respondents.

The opinion of the court was delivered by

PARKER, J.

The bill is to impress a judgment of $500 and interest against Hovagim Pohan, hereinafter called the husband, upon real estate standing in the name of Haiganoosh Pohan, hereinafter called the wife, and specifically found by the vice-chancellor to have been her property equitably as well as legally. He undertook to charge her property on the theory of estoppel, in that by her silence and acts at the trial of the suit at law against the husband, she caused the plaintiff Rizzi to proceed to judgment against the husband alone, when but for her action Rizzi might have brought her in as a party defendant and obtained judgment against her.

The suit was to recover back money paid as a deposit on the intended purchase of real estate. The husband, as though he was owner, employed the firm of DeSena & Lepore as brokers to sell the property at a stated commission; the employment was in writing. They secured Rizzi as a purchaser, and both husband and wife signed a preliminary agreement acknowledging the receipt of the $500 down money and agreeing to convey under certain conditions not now relevant, except that it contemplated a more formal instrument settling

all the terms. Such paper was drawn, but vendors refused to sign it because they insisted that the easement of a tunnel under the premises be reserved, and vendee would not consent. Meanwhile the vendee Rizzi had given his check of $500 to the brokers, and they endorsed it and delivered it to the husband who placed it in his bank account. Rizzi demanded his money back, and, not getting it, sued. As we have said, both husband and wife signed the preliminary receipt, and hence he could have joined both as defendants. He did not do so, but on the contrary sued the husband alone. The brokers, not having received their commission, and apparently conceiving that their claim might properly be pressed in the same suit by virtue of section 4 of the Practice act of 1912, joined as plaintiffs, though on the face of things their claim was against the husband alone. Both claims went to judgment. When executions issued, it was discovered by plaintiffs for the first time (although plainly appearing all the time on the real estate records) that the title was vested in the wife, both then, and when the brokerage agreement and contract of sale were made.

From this point the claim of the brokers drops out of the case as the vice-chancellor held that they had no standing on a contract by the husband to attack the property of the wife. As to the Rizzi claim, however, he held, as we have said, that the silence and conduct of the wife, in the face of assertions by the husband that the property was his, estopped her from claiming the contrary, and decreed the judgment against the husband to be a lien on her land.

We consider that this was erroneous. On the face of the preliminary receipt (signed by the wife above and the husband below) both were equally liable for the return of the money. It is not suggested, we think, that Rizzi was led by any act or representation or silence of the wife to omit her as a defendant when he began the suit at law. Her name was on the paper as a contracting party; her title was of record; as an intending purchaser he was charged at law with notice of it. It is questionable, to say the least, whether he could claim to have been misled by relying on any mis-

representation or concealment of hers at any time, for it cannot be said that he was "without convenient or ready means of acquiring the necessary knowledge." *Vineland* v. *Fowler Waste Co., 86 N. J. Law 342, 345.* Apparently he chose to shut his eyes to the record and to regard the husband as the only party worth suing. As a result, the wife never had her day in court in an action at law. If the property belonged in equity to the husband, the case would be the simple one of a fraudulent trusteeship; but here it is *bona fide* the property of the wife, who is faced with the lien of a judgment at law in a suit to which she was at least a proper party, but to which she was not made a party, and which she had no opportunity of defending. She was not required to intervene; in fact, knowing, as she did, that her husband had the money, she may well have thought him the only party liable for its return. In the present posture of affairs, the decree adjudges that a judgment entered in a suit voluntarily instituted against her husband alone concludes her defense to such a suit against herself on the merits, and requires her property to bear the judgment when she has never been heard. It may well be that Rizzi still has a right of action against her at law; if so, he can assert it and put her to her defense. But in our estimation the decree subjecting her property to the present judgment is erroneous. The cases relied on by the vice-chancellor seem to us not in point, except, perhaps, *Kinsey* v. *Feller, 64 N. J. Eq. 367, 370,* which is apparently contrary to his finding on the question of estoppel.

The decree will be reversed with directions that the bill be dismissed as against the wife.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.