166 N.J. Super. 1 (1979)
398 A.2d 1297
ANNA M. BIDDLE, PLAINTIFF-APPELLANT,
v.
RALPH T. BIDDLE, DEFENDANT, AND PATRICIA L. BIDDLE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1979.
Decided February 6, 1979.
*3 Before Judges CONFORD, PRESSLER and KING.
Mr. Robert F. Renaud argued the cause for appellant (Messrs. Palumbo and Renaud, attorneys).
Mr. Charles L. Morgan argued the cause for respondent (Messrs. Morgan & Falvo, attorneys).
The opinion of the court was delivered by KING, J.A.D.
Plaintiff brought this action against her son Ralph Biddle and her son's former wife Patricia Biddle to impose an equitable lien based on an alleged purchase money resulting trust upon Ralph and Patricia's former marital residence in Little Silver. Ralph defaulted. On the day of trial prior to the presentation of testimony Patricia *4 successfully moved to dismiss the complaint and plaintiff appeals.[1]
Plaintiff advanced money to her son Ralph and his then wife Patricia for use as payment on a lot and a home subsequently built thereon. Plaintiff claims that the advance was a loan and that she, Ralph and Patricia agreed that she was to have an equitable interest in the property and was to be paid a sum proportionate to her contribution (57%) if it was ever sold. Patricia contends the advance was an unconditional gift. Legal title was held by Ralph and Patricia as tenants by the entirety.
When Patricia and Ralph Biddle litigated their divorce action, plaintiff moved to intervene therein in order to assert her claim to an interest in the property. She apparently contended that her interest should be considered when the matrimonial judge determined the value of the property and the subject of equitable distribution. Her motion was denied and no appeal or motion for leave to appeal therefrom was taken. At the trial of the divorce action Ralph apparently argued that plaintiff's lien claim reduced the value of the premises subject to equitable distribution and increased the debts he and his wife owed. Plaintiff testified in the divorce action in support of her lien claim. The divorce judgment expressly awarded Patricia full title to the premises "free and clear of any alleged liens by Ralph T. Biddle and Anna M. Biddle against the title."
*5 The divorce judgment was never appealed. Four months after entry of that judgment plaintiff filed this action asserting her claim to a lien on the premises. The trial judge granted Patricia's motion to dismiss this action, concluding that the judgment in the divorce action barred relitigation of plaintiff's claim. We disagree and reverse.
Generally, adjudication of an issue or claim does not, by operation of res judicata or collateral estoppel, bar a person not a party or privy to a party to the prior action from seeking another adjudication of the issue or claim because every person is entitled to his day in court. Brunetti v. New Milford, 68 N.J. 576, 587 (1975); Bd. of Directors, Ajax, etc., v. First Nat'l Bank of Princeton, 33 N.J. 456, 463 (1960); Lehigh Zinc and Iron Co. v. N.J. Zinc and Iron Co., 55 N.J.L. 350, 357 (E. & A. 1893): Restatement, Judgments 2d (Tent. Draft No. 2, 1975), § 78(3) at 2; 46 Am. Jur.2d, Judgments, §§ 518-519 at 669-671. Here Ralph Biddle could not be plaintiff's privy by operation of law because his legal ownership interest in the land, a tenancy by the entirety, conflicted with plaintiff's claim. Bd. of Directors, Ajax, etc., supra 33 N.J. at 463. Plaintiff plainly was not a party to the divorce action. However, Patricia argued, and the trial judge found, that plaintiff's alleged participation in the divorce action and Ralph's assertion of her claim as part of his case established that plaintiff actually consented to adjudication of her claim therein, received her day in court, and was bound by the divorce judgment notwithstanding her non-joinder as a party to that action.
Defendant's contentions suggest several possible theories that might bar plaintiff from bringing this action. Plaintiff may have expressly or impliedly authorized her son to prosecute the claim in her behalf, making him her representative in fact and binding her to the adjudication. Restatement, Judgments 2d (Tent. Draft No. 2, 1975), § 85(1) (b) at 56, and comment (b) thereto at 59-60; 50 C.J.S. Judgments § 776(a) at 306; 46 Am. Jur.2d, Judgments, § 538 at 694-695; *6 see Lyon v. Stanford, 42 N.J. Eq. 411, 414-415 (E. & A. 1886). Plaintiff may have controlled or substantially participated in control of the presentation of her claim to the extent that she was a real party, not a nominal party, and therefore should be barred from relitigation. Petersen v. Preferred Accident Ins. Co., 114 N.J.L. 180, 183 (E. & A. 1935); Ludy v. Larsen, 78 N.J. Eq. 237, 242-243 (E. & A. 1911); Lyon v. Stanford, supra 42 N.J. at 414; Restatement, Judgments 2d (Tent. Draft No. 2, 1975), § 83 at 44; 46 Am. Jur.2d, Judgments, §§ 535-537 at 688-694; 50 C.J.S. Judgments §§ 782-783 at 317-320, §§ 785-786 at 321-322. Possibly plaintiff actually did submit her claim for adjudication notwithstanding the denial of her motion to intervene. Miller v. Headley, 109 N.J. Eq. 436, 433-444 (Ch. 1932), aff'd o.b. 112 N.J. Eq. 89 (E. & A. 1933); Lake v. Weaver, 80 N.J. Eq. 395, 401 (Ch. 1912), aff'd o.b. 80 N.J. Eq. 554 (E. & A. 1912); Sbarbero v. Miller, 72 N.J. Eq. 248, 254 (Ch. 1907), aff'd o.b. 74 N.J. Eq. 453 (E. & A. 1908); 50 C.J.S. Judgments § 784 at 320. Indeed, the trial judge on the motion to dismiss found that Ralph had advanced plaintiff's claim on her behalf and that she had participated to the full extent possible as if her motion to intervene had been granted. However, the judge's conclusions could only have been the result of speculation because Patricia did not provide him with an adequate record to make any factual findings with respect to her contentions.
It was incumbent upon Patricia as the party asserting a bar by judgment, to present to the judge so much of the record of the divorce proceeding as was necessary to support her contention that plaintiff should have been bound by the judgment. See State v. Ebron, 61 N.J. 207, 215-217 (1972); Robinson-Shore Develop. Co. v. Gallagher, 26 N.J. 59, 68 (1958); Knutsen v. Brown, 96 N.J. Super. 229, 234-237 (App. Div. 1967). Patricia only supplied the trial judge with a copy of the matrimonial judge's short written opinion and the divorce judgment. No transcripts of the trial, the *7 depositions or the motion to intervene were provided. The available record showed only that Ralph had raised the question of plaintiff's lien, that he and the plaintiff had testified and that the judge did not find them credible. The opinion provided that if plaintiff was to be repaid anything, Ralph should pay her, but did not conclude that a particular debt did or did not exist.
Plainly participation in a trial as a witness does not, without more, bind one to the determination therein, State v. Redinger, 64 N.J. 41, 46 (1973); Bacon v. Fay, 63 N.J. Eq. 411 (Ch. 1902), nor does a mere familial relationship to a party in the action. See Rizzi v. Pohan, 102 N.J. Eq. 239 (E. & A. 1928). Furthermore, a person who has unsuccessfully attempted to intervene in an action prior to entry of judgment is not bound as to the claims adjudicated therein unless he is thereafter represented by one who is a party. 46 Am. Jur.2d, Judgments, § 530 at 680; 50 C.J.S. Judgments § 781 at 317; Restatement, Judgments 2d (Tent. Draft No. 2, 1975), § 78, Reporter's Note at 6.
Nothing in this record demonstrates the extent of plaintiff's participation in the presentation of her claim at the divorce trial or her submission to that forum. The record shows only that plaintiff was a witness in the prior proceeding. Accordingly, the trial judge should not have granted defendant's motion to dismiss the complaint on the record presented below.
Our review of the remarks and conclusions of the trial judge persuades us that he has in effect given his opinion on the substantive merits of plaintiff's claim. On remand the cause should be heard by a different trial judge. R. 1:12-1(d).
Reversed.
NOTES
[1] The record does not reveal the ultimate disposition with respect to Ralph Biddle. By virtue of the divorce judgment between him and Patricia, she was awarded full title to the premises in question. Plaintiff disavowed any intention to seek money damages from Ralph at present and sought a voluntary dismissal as to him. The judge denied it, but stated he would "certify" the dismissal as to Patricia as a final judgment, presumably under R. 4:42-2. No order under R. 4:42-2 or dismissal or other resolution as to Ralph appears in the record. This is therefore an appeal from an interlocutory order. Nonetheless, we grant leave to appeal nunc pro tunc and consider the merits.