## Brugh et al. *v.* Denman.

[No. 6,053. Filed June 28, 1906.]

1. **Life Estates.**—*Growing Timber.*—*Rights of Life Tenant.*— A life tenant in lands has the right to use the growing timber thereon for use upon the land in making repairs generally. p. 488.

2. **Same.**—*Waste.*—If the life tenant uses more timber than necessary for making repairs he is guilty of waste, for which a proper action will lie. p. 488.

3. **Words and Phrases.**—*"Waste."*—"Waste," at the common law, was the destruction of real property, by a person in possession not having the inheritance, to the injury of the immediate remainder or reversion in fee. p. 488.

4. **Injunction.**—*Life Estate.*—*Growing Timber.*—Injunction lies on behalf of the life tenant to prevent the reversioner from cutting and removing from the land timber which is necessary for repairs. p. 488.

5. **Same.**—*Irreparable Injury.*—Great, as well as irreparable injury will sustain an injunction for a threatened trespass. p. 489.

From Marshall Circuit Court; *Harry Bernetha,* Judge.

Suit by Tabitha Denman against Emma A. Brugh and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Adam E. Wise* and *L. M. Lauer,* for appellants.
*Martindale & Stevens,* for appellee. .

ROBINSON, C. J.—The questions presented by this appeal are the relative rights of a life tenant and the owner of the fee of the same land in respect to growing timber.

The court found substantially the following facts: Appellee by the last will of her husband was given a life estate in 180 acres of land all in one body and constituting one farm, which was the home of the husband and appellee at the time of his death and since his death appellee has been in possession. By the will appellant Brugh, a daughter, became the owner in fee of forty acres of the land. This tract of forty acres is inclosed, with a cross-fence dividing it, and a tract of about twelves acres is timber, consisting principally of oak, ash, maple and bass wood. Prior to December 12, 1904, appellant Brugh sold the saw timber on the land, for prices named, and intended to cut and remove enough to pay a debt of $225 owing to appellee, and declared her intention to sell all the declining saw timber and enough timber to pay the above note, but was notified by appellee not to cut any of the timber; but on the above date appellant Brugh, by her agents, cut seven growing trees into logs. At the time suit was brought the fences were in need of repair, appellee having permitted them to become out of repair. The saw timber was worth from $325 to $350, and there was enough other timber to make 250 to 300 fence posts. Of the forty-seven trees of saw timber about half were "on the decline." The "declining timber" and the greater part of all the timber will be needed in making repairs during the life estate, and if appellants carry out their intention and remove the timber there will not be sufficient timber left to make needed repairs. Removing the timber will lessen the value of appellee's interest and work to her a permanent injury.

At common law the life tenant, as a compensation for the duty of keeping the premises in repair, had the right to cut

timber for use upon the land, for the repair of
1.   buildings, for fuel, for house-bote, and for the erec-
      tion and maintenance of hedges and fences.   If the
tenant exceeded the amount necessary for these purposes
he was deemed guilty of waste and liable to the reversioner
      for damages.   2 Blackstone's Comm., *35 ; 1 Wash-
2.   burn, Real Prop. (4th ed.), 128 ; Coke's Littleton,
      41b.   If the waste was already committed the
tenant was liable to an action at law for damages, and by
statute in England treble damages might be awarded and
the land wasted forfeited to the reversioner.   If the waste
was only. threatened the equitable remedy by injunction
was given, and this remedy would be given in any case
where irreparable injury was feared.   1 Washburn, Real
Prop. (4th ed.), 155, 156; Tiedeman, Real Prop. (2d
ed.), §81.

But waste is defined to be "a spoil or destruction, not
arising from an act of God, or of a public enemy, in houses,
      gardens, trees, lands, or other corporeal heredita-
3.   ments, to the disherison of him who has the imme-
      diate remainder or reversion in fee simple, or in
England in fee tail.   The three general heads of waste,.
therefore, are in houses, in timber and in lands; although,.
whatever else tends to the destruction or to the depreciation
of the value of the inheritance is likewise waste."   2 Minor's
Inst. (3d ed.), 598.   See 2 Blackstone's Comm., *281.   So
that at common law waste could be committed only by a
person in possession and not having the inheritance, the
absolute owner being incapable of committing waste.

However, appellee is in possession of the land as life
tenant.   The act of appellant Brugh in going upon the land
      for the purpose of cutting the timber was a trespass.
4.   The court found as a fact that practically all the
      timber would be needed in making repairs on the
premises.   It is true appellee had permitted the fences to
become out of repair, but the appellant Brugh was not

endeavoring to use any of the timber for making repairs. If the timber is needed to make repairs appellee as life tenant is entitled to it for that purpose. It is found as a fact that removing the timber would lessen the value of her interest and would work a permanent injury.

It is not necessary that irreparable injury should be threatened before equity will grant relief by injunction. That the party will suffer great injury is enough.

5. In 4 Pomeroy, Eq. Jurisp. (3d ed.), §1357, it is said: "A remedy which prevents a threatened wrong is in its essential nature better than a remedy which permits the wrong to be done, and then attempts to pay for it by the pecuniary damages which the jury may assess." See *Watson* v. *Sutherland* (1866), 5 Wall. 74, 18 L. Ed. 580; *Hart* v. *Hildebrandt* (1903), 30 Ind. App. 415; *Thatcher* v. *Humble* (1879), 67 Ind. 444; *Chappell* v. *Jasper County, etc., Gas Co.* (1903), 31 Ind. App. 170; *Champ* v. *Kendrick* (1892), 130 Ind. 549; *Xenia Real Estate Co.* v. *Macy* (1897), 147 Ind. 568; *Bishop* v. *Moorman* (1884), 98 Ind. 1, 49 Am. Rep. 731.

As the cutting of the timber was wrongful we fail to see how appellant Brugh can be permitted to take advantage of her own wrong and claim the timber that she had cut before the suit was brought. What disposition, as between the life tenant and the reversioner, should be made of timber that is deteriorating in quality and value, but not needed to make repairs, is not presented by this appeal, as the court finds that practically all the timber will be needed by the life tenant in making repairs.

Judgment affirmed.