**LEA et al. v. HELGERSON.   (No. 1767.)**

(Court of Civil Appeals of Texas. Amarillo. March 9, 1921.)

**1. Mines and minerals ⬤➡83—Contract made opinion of buyer's attorney test of validity of title; "per"; "per the opinion of."**

Where a contract for sale of oil and gas rights provided that the depository banking company was authorized to repay his deposit of $700 to the buyer on proof to the banking company that the title had been shown to be bad "as per the opinion of" the buyer's attorney, the parties did not intend that the banking company should sit as a court to determine whether the title was bad, but the contract meant that the opinion of the buyer's attorney was the means whereby the fact was to be proven, "per" meaning by, through, or by means of.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Per.]

**2. Mines and minerals ⬤➡83—Burden on seller seeking to avoid effect of attorney's opinion as to validity of title.**

If the seller of oil and gas rights had sought to avoid the effect of the opinion of the

buyer's attorney that his title was invalid on the ground that such opinion was not rendered in good faith, the contract making the opinion the test of whether the buyer's deposit should be returned to him, the burden would have been on such seller.

Appeal from District Court, Archer County; H. F. Weldon, Judge.

Suit by O. M. Helgerson against M. A. Lea and others. From judgment for plaintiff, defendants appeal. Affirmed.

E. B. Hendricks, of Wichita Falls, and R. S. Morrison, of Archer City, for appellants. Bonner & Bonner, of Wichita Falls, and W. E. Forgy, of Archer City (Wm. N. Bonner, of Wichita Falls, of counsel), for appellee.

BOYCE, J. M. A. Lea and O. M. Helgerson entered into a written contract whereby it was agreed that said Lea was to sell to the said Helgerson the oil and gas rights on certain lands in Archer county, Tex.; that the said Lea should furnish an abstract of title to said property, "showing a good and merchantable title to said land"; that $700 of the purchase price was to be deposited by Helgerson with the Archer Banking Company, and that, if the abstract showed "the title to be good in M. A. Lea," then the said Helgerson should pay the balance of such purchase price, and in default of such additional payment the bank should pay the said $700 to Lea "as a cash liquidated forfeiture"; that, "in case said title shall prove to be bad in the said Lea, then and in that case the Archer Banking Company is herein authorized to pay said $700 to the said O. M. Helgerson, upon the proof being shown to said Banking Company that said title has been shown to be bad, as per the opinion of said O. M. Helgerson's attorney." The $700 was deposited with the Archer Banking Company as agreed, abstract of title was furnished by the said Lea, and the title was thereafter pronounced bad in the opinion of the attorney examining it for Helgerson, who thereupon demanded the return of his deposit, which was refused. This suit was brought by the said Helgerson against Lea and the Banking Company to recover said sum of money. It was alleged that the abstract furnished failed "to show a good and merchantable title to said property," and that the plaintiff's attorney rendered an opinion thereon "which showed that said title was not good and merchantable in the said Lea." On trial the only evidence offered as to the title and any defects therein consisted of the opinion of the plaintiff's attorney, rendered on examination of the said abstract, which opinion pointed out certain alleged defects in the title, and concluded that they rendered it bad. The trial court held this sufficient, and rendered judgment for the plaintiff.

[1] The first and third assignments are based on the contention that the meaning of the contract is to require that Helgerson, as a condition to the recovery of the deposit, sustain his attorney's opinion of the title by independent proof of the facts that would show that defects do exist and render the title bad. We overrule these assignments. "Per" means "by"; "through"; "by means of." Century Dictionary; Bouvier's Law Dictionary. We construe the contract as providing that the opinion of plaintiff's attorney that the title was bad was the means by which this fact was to be proven to the bank. Surely the parties did not intend that the bank would be required to sit as a kind of court to hear and determine the facts and law necessary to a decision of the question of whether the title was bad, as pointed out in the attorney's opinion. We think that when the attorney rendered his opinion that the title was bad, and this opinion exhibited to the bank, this was all the showing plaintiff was required to make in order to be entitled to a return of his money. Greer v. International Stock Yards Co., 43 Tex. Civ. App. 370, 96 S. W. 79.

[2] The second assignment is that there was no evidence to support the court's finding that the attorney's opinion was rendered in good faith. The appellant did not attack the opinion, either by pleading or evidence. If he had sought to avoid the effect of the opinion on the ground that it was not rendered in good faith, the burden would have been upon him. City of Amarillo v. W. L. Slayton & Co., 208 S. W. 971. As he did not raise the issue, he has no ground of complaint of this finding of the court.

Affirmed.