464 P.2d 560

**James McDONALD and Theresa McDonald, Plaintiffs-Appellees,**

v.

**Robert Lee JOURNEY, Defendant-Appellant.**

**No. 386.**

Court of Appeals of New Mexico.

Jan. 16, 1970.

H. Gregg Privette, Privette & Privette, Las Cruces, for appellant.

William S. Martin, Jr., Martin & Morris, Silver City, for appellees.

## OPINION

HENDLEY, Judge.

Plaintiffs and defendant signed a written instrument, purporting to be an option or agreement, for the purchase and sale of real estate, on August 23, 1967. Plaintiffs simultaneously delivered a $1,000.00 check to defendant, who also acted as escrow agent. The writing granted plaintiffs "an option to purchase for a period of (90) days or until the outcome of any action" taken by defendant to oust the tenants. The tenants were not evicted until June 15, 1968. On April 28, 1968 plaintiffs told defendant that since they could not get possession, they were not going to exercise their option and demanded the return of the $1,000.00. Defendant cashed the escrow check on May 2, 1968 and refused to return the proceeds. Plaintiffs filed suit for return of the $1,000.00 and the trial court granted plaintiffs' prayer for relief.

We affirm.

Defendant's first point is that:

"THE COURT ERRED IN CONCLUSION OF LAW NO. 1: 'THE PURPORTED AGREEMENT BETWEEN THE PARTIES HERETO IS SO AMBIGUOUS THAT A CONTRACT WAS NOT REACHED BETWEEN THE PARTIES.'"

Defendant argues that Rubenstein v. Weil, 75 N.M. 562, 408 P.2d 140 (1965) forbids resort to "grammatical niceties or technicalities of punctuation unless they may be utilized to make plain that which is otherwise obscure." That argument is misplaced. The trial court did not resort to any technical interpretation. Taking the document as a whole it concluded it to

be so ambiguous that a contract was not reached.

The writing speaks of a check for $1,000.-00 plus a "First Lilean [sic] Note" to be given as consideration for the option. These were to be held in escrow to be delivered to the seller "upon the completion of escro [sic]. And transfer of the property described. * * *" There was no first lien note in escrow; only a tax receipt description of land in California.

Apart from the foregoing ambiguity about the consideration to be paid for the alleged option, the writing is not at all clear as to what was to be done with the consideration. In one place the writing provides that if the property was not transferred the agreement was "null and void" and the escrow agent was to return the check and "first leen [sic] note" to plaintiff. In another place the writing states that if plaintiff refuses to purchase then the check and first lien note were to be delivered to defendant as liquidated damages for breach of the agreement to purchase. If, however, the property was actually transferred the check and note went to defendant, but less some $400.00. We have no idea what was to happen to the $400.00 in that event.

■ The record simply does not support defendant's assertion that "There is no ambiguity whatsoever through the clauses of the contract dealing with the purchase of an option of $1,000.00 by 'Appellees.'" Whether ambiguity exists is a matter of law. Jernigan v. New Amsterdam Casualty Company, 69 N.M. 336, 367 P.2d 519 (1961). Here there is ambiguity as to whether there was an option to purchase apart from an agreement for the sale of real estate. Even if there is no option, apart from the sale, the purported agreement to sell is ambiguous.

With this ambiguity we look to the intent of the parties. Jernigan v. New Amsterdam Casualty Company, supra. That intent was not ascertained. The trial court rejected defendant's requested findings both as to what was agreed to between the parties and as to plaintiff's understanding of the transaction. The trial court specifically refused to find that plaintiff knew or understood there was an option contract. Instead, it found that plaintiff delivered the $1,000.00 check to defendant, to be held until completion of a proposed real estate transaction. It also found that the proposed transaction was never completed. These findings are not attacked.

Having properly determined, as a matter of law, that the writing was ambiguous, and having found as a fact that there was no more than a proposed agreement, the trial court did not err in its conclusion of law #1.

[3] Defendant further argues that: "The law leans against the destruction of contracts because of uncertainty and favors an interpretation which will carry into effect the reasonable intention of the parties if it can be ascertained." However, it is the supported position of the trial court that it could not ascertain their intentions. In a like manner defendant states that a contract will be upheld if at all possible. With this we agree but we do not forget that courts, under the guise of interpretation, may not rewrite contracts for the parties. Sanders v. Freeland, 64 N.M. 149, 325 P.2d 923 (1958).

■ We find it difficult to understand defendant's assertion that "the portion of the contracts relating to escrow is not an essential to the contract but is an independent clause." We cannot say as a matter of law that it is an independent clause. It is not so in appearance or content. In fact the so-called escrow clause purports to cover when and how the consideration is to be paid. The general rule in New Mexico is that all writings forming a part of a transaction are interpreted together as a harmonious whole. Brown v. American Bank of Commerce, 79 N.M. 222, 441 P.2d 751 (1968); Phillips Petroleum Co. v. McCormick, 211 F.2d 361 (10th Cir. 1954). No single portion may be selected to indicate either clarity or am-

biguity. Hoge v. Farmers Market and Supply Co. of Las Cruces, Inc., 61 N.M. 138, 296 P.2d 476 (1956).

Defendant's two remaining points are governed by our determination of the first point, since those points assume the existence and validity of the contract.

We affirm.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.