498 P.2d 1364

**L. B. LINDBECK and Marinell Lindbeck, his wife, Plaintiffs-Appellants,**

**v.**

**John P. BENDZIUNAS and Bertha Bendziunas, his wife, and The Farmers and Merchants Bank, Defendants-Appellees.**

**No. 855.**

Court of Appeals of New Mexico.

June 2, 1972.

Philip W. Steere, Las Cruces, for plaintiffs-appellants.

Walter R. Parr, Crouch & Lenko, Las Cruces, for Bendziunas.

William L. Lutz, Martin & Martin, Las Cruces, for The Farmers and Merchants Bank.

## OPINION

WOOD, Chief Judge.

The appeal involves a real estate transaction. Plaintiffs sought damages against all defendants for breach of contract and conspiracy to defraud, and sought damages against Bendziunas (the Bendziunas defendants) for conversion and waste. Plaintiffs dismissed the conversion claim. Plaintiffs agree that the claim for waste depends on the claim for breach of the written contract against Bendziunas. They also agree that their appeal from the summary judgment in favor of Bendziunas on the counterclaim against plaintiffs depends on the breach of written contract claim. Thus, the appellate issue is the propriety of the summary judgments dismissing plaintiffs' claims against Bendziunas and the Bank (The Farmers and Merchants Bank). The questions presented concern: (1) ambiguity in the written contract; (2) oral modification of the written contract; and (3) conspiracy to defraud.

The Bank held a judgment against plaintiffs. To obtain money to pay the judgment, plaintiffs contracted in writing with Bendziunas concerning certain real estate. The contract provided for sale of the real estate to Bendziunas, the amount and method of payment, including the right of prepayment, payment of certain taxes by plaintiffs, delivery of and payment for a title insurance policy by plaintiffs and the right of immediate possession in Bendziunas. The contract also provided a method by which plaintiffs could either "cancel" the contract or repurchase the property.

Pursuant to the contract a warranty deed was executed with Bendziunas the grantee and a special warranty deed was executed with plaintiffs the grantees. The deeds, together with a release of mortgage provided for in the contract and the contract itself, were placed in escrow at the Bank.

Bendziunas paid in accordance with the contract and on September 1, 1970 the escrow agent delivered the warranty deed and release of mortgage. On September 10, 1970 plaintiffs attempted to invoke the right to "cancel" the contract. The attempt was unsuccessful.

### Ambiguity in the written contract.

Plaintiffs assert the contract was ambiguous and because of the ambiguities summary judgment on the breach of written contract claims was improper. The claimed ambiguities are in paragraphs 8 and 10 of the contract. These read:

"8. It is agreed that the warranty deed from sellers to buyers, the special warranty deed from buyers to sellers, and the release of the M. M. Moore mortgage shall all be delivered to Farmers and Merchants Bank which is hereby designated as escrow agent. Upon payment of the balance of the purchase price the escrow agent shall deliver the warranty deed and the release of mortgage, but shall continue to hold the special warranty deed until September 10, 1970. *If this contract is terminated in the manner hereinafter mentioned by reason of the buyers' default, or if sell-*

*ers exercise the option hereinafter granted, then the escrow agent shall return said documents to the sellers.* [Our italics]

" * * *.

"10. The sellers shall have the right at any time prior to September 10, 1970, to *cancel this contract* upon the following terms and conditions: The sellers for this privilege shall pay to the buyers in cash a consideration equal to *$500 plus all of the monthly principal installments paid by the buyers, plus the interest thereon prior to the time that the sellers elect to cancel this contract,* and in addition thereto a sum of money equal to expenses advanced in repairing the premises prior to the cancellation of the contract, provided that such repairs have been approved in advance by the sellers. It is acknowledged that the sellers have by this agreement approved the installation of a pump on the domestic well. *Upon payment of all such consideration to the buyers, the sellers shall be entitled to receive from the escrow agent the return of all documents held in escrow and this contract shall thereupon terminate.* The recording of the special warranty deed from the buyers to the sellers shall be sufficient evidence that this contract was *terminated* by reason of the buyers' default or that the sellers executed the option herein granted to refund all payments and to terminate this contract. All the payments to be made under the terms of this agreement shall be delivered to the Farmers and Merchants Bank. If the sellers exercise the option to terminate this agreement by repaying all the amounts paid by the buyers and the $500 provided for hereinabove, then such must be repaid prior to September 10, 1970, and thereafter the sellers shall no longer have any *right to repurchase* said premises or to terminate this contract provided that the consideration provided for has been fully paid. In event of the exercise of such option, the buyers shall have thirty days before they shall be required to vacate the above described premises and they may continue to occupy the same during said period of time rent-free." [Our italics]

There are three claimed ambiguities. They are the portions italicized in the above quotations. Whether the italicized matter is ambiguous is a matter of law. McDonald v. Journey, 81 N.M. 141, 464 P.2d 560 (Ct.App.1970). In determining whether there is an ambiguity, we consider the entire contract and not selected portions thereof. Brown v. American Bank of Commerce, 79 N.M. 222, 441 P. 2d 751 (1968); McDonald v. Journey, supra. Selected portions are insufficient to support a claim of ambiguity. Hoge v. Farmers Market & Supply Co. of Las Cruces, 61 N.M. 138, 296 P.2d 476 (1956).

Since we consider the contract as a whole, we quote another pertinent paragraph:

"12. If the sellers [plaintiffs] fail to exercise their right to refund all payments hereunder, and to terminate this contract prior to September 10, 1970, then on such date the escrow agent will deliver to the buyers the special warranty deed which it is holding in escrow. In order to exercise such option sellers [plaintiffs] must pay in cash and such shall be delivered to the escrow agent to be by it refunded to the buyers."

Plaintiffs contend the references to the return of "documents" in paragraphs 8 and 10 are ambiguous. They assert that all documents could not be returned to plaintiffs upon the exercise of their paragraph 10 option if the warranty deed and release had been delivered to Bendziunas pursuant to paragraph 8. With this asserted ambiguity, they contend no documents could be delivered prior to September 10, 1970, and the delivery of the warranty deed and release on September 1, 1970 was a breach of the written contract.

We disagree. If the payment schedule were followed, the last installment payment by Bendziunas would be due on September 10, 1970. However, Bendziu-

nas had the right of prepayment and upon payment in full the warranty deed and release were to be delivered. Only the special warranty deed was to be held until September 10, 1970. Under express contract provisions, all documents could not be returned to plaintiffs unless they exercised their right under paragraph 10 prior to the time Bendziunas paid the full purchase price. Once the full price had been paid, if plaintiffs exercised their paragraph 10 right, they would receive the special warranty deed which would vest title in them from Bendziunas. See § 70–1–36, N.M.S.A.1953 (Repl.Vol. 10, pt. 2). The reference to "documents" does not create an ambiguity.

■ The second ambiguity asserted is the reference to "cancel" in paragraph 10. Plaintiffs' position is that once the warranty deed had been delivered there could not be a cancellation. They contend defendants breached the written contract because, upon delivery of the warranty deed, defendants destroyed plaintiffs' right to cancel the contract.

Again we disagree. Paragraph 10 refers to a right to "cancel," to "terminate" and to repurchase. The contract expressly provides for a sale to Bendziunas. Paragraph 10 provides a method for repurchase by plaintiffs. At whatever point in time the repurchase should occur, the repurchase amounts to a carrying out of the contract provisions rather than a cancellation or termination of the contract. The use of "cancel" and "terminate" in paragraph 10 is not in the sense of revoking or annulling the contract, but in the sense of providing a method for plaintiffs to recover the property sold to Bendziunas. The references to "cancel" and "terminate" do not create an ambiguity.

■ The third asserted ambiguity concerns the repayments required of plaintiffs under paragraph 10. Plaintiffs contend the total repayment called for is $10,000 (the purchase price), plus $500 interest. They claim that the escrow agent's different interpretation of the repayment provision shows an ambiguity. They claim the escrow agent's interpretation breached the written contract provision concerning the duties of the escrow agent.

This contention ignores the express wording which calls for $500, plus the installments paid by Bendziunas (the $10,000), " * * * plus the interest thereon. * * *" The $500 amount and the interest amount are separate items. There is no ambiguity in the repayments called for in paragraph 10.

■ Plaintiffs' claims of ambiguity disregard express contract provisions and are unreasonable when the contract is considered as a whole. Brown v. American Bank of Commerce, supra. The trial court did not err in granting summary judgment dismissing plaintiffs' breach of written contract claims. With this result, the trial court correctly granted summary judgment against plaintiffs on the Bendziunas counterclaim because of the undisputed fact that plaintiffs failed to pay the required taxes and failed to provide a title insurance policy. With this result, the trial court was also correct in striking plaintiffs' claim for waste in connection with real estate owned by Bendziunas. Brugh v. Denman, 38 Ind.App. 486, 78 N.E. 349 (1906).

### Oral modification of the contract.

■ Plaintiffs assert the trial court erred in granting summary judgment because there are issues of fact concerning an oral modification of the contract and a breach of this modification by Bendziunas. This claim concerns the amount of money to be repaid by plaintiffs in order to repurchase the property under paragraph 10 of the contract. Bendziunas contends there are no material issues of fact, that even if there are factual questions the facts are legally insufficient, and that the theory of oral modification is raised for the first time on appeal.

It is claimed that the modification occurred on the evening of September 9, 1970. If the modification occurred, it is

undisputed that Mr. Bendziunas did not proceed in accordance with the modification when he went to the Bank on September 10, 1970. The question is whether there is a factual issue concerning the modification.

On the evening of September 9, 1970, Lindbeck left a check in the amount of $10,500.00 with Bendziunas. This amount, according to Lindbeck, " * * * was my estimation of the complete settling of the contract." According to Lindbeck, Bendziunas accepted the check. By "acceptance," Lindbeck meant that Mr. Bendziunas took the check willingly. Bendziunas said " * * * he would see me in the morning at the bank." Also, according to Lindbeck, he told Bendziunas there was not sufficient funds to cover the check, but exhibited other checks which Bendziunas "accepted" as evidence of cash. " * * * I had the money to put in the bank in the morning."

Bendziunas brought Lindbeck's check to the bank on the morning of September 10, 1970 and handed it to the escrow officer. This officer checked the repayment provisions of paragraph 10 of the contract and asked " * * * what I was to do about the interest, and Mr. Bendziunas said, 'Oh, the interest. I forgot about that.' " Thereafter, Bendziunas insisted on payment of the interest.

The foregoing deposition testimony has been set forth in the light most favorable to plaintiffs, who were opposing the motion for summary judgment. Montoya v. City of Albuquerque, 82 N.M. 90, 476 P.2d 60 (1970). This testimony raises a factual issue as to whether Bendziunas agreed to accept $10,500.00 as the total payment for repurchase of the property by plaintiffs, and refused to abide by this agreement on the following morning.

Bendziunas asserts the foregoing facts are insufficient to show a legally enforceable modification. It is contended there is no mutuality of obligation and no consideration for the asserted modification. See Williams v. Waller, 51 N.M. 180, 181 P.2d 798 (1947) ; Gross, Kelly & Co. v. Bibo, 19 N.M. 495, 145 P. 480 (1914).

Here, there were mutual promises. Lindbeck had issued, and Bendziunas had in his possession, a check—a promise to pay—$10,500.00. Under the contract, Lindbeck had a right to repurchase, but was not required to do so. Bendziunas, in turn, according to Lindbeck's testimony, had promised to accept this amount. The consideration was the check in Bendziunas' hand; an admittedly insufficient funds check which was to be made good the next morning. According to Lindbeck, this had been accepted by Bendziunas. That this might have been inadequate consideration monetarily does not render the check an insufficient consideration. " * * * [W]hatever consideration a promisor assents to as the price of his promise is legally sufficient. * * *" Moruzzi v. Federal Life & Casualty Co., 42 N.M. 35, 75 P.2d 320, 115 A.L.R. 407 (1938). The factual issues raised by Lindbeck are such that we cannot hold, as a matter of law, that if those facts are established at trial, they are insufficient to show a legally enforceable modification.

■ Bendziunas claims the issue of oral modification is raised for the first time on appeal. We disagree. The complaint alleges acceptance of the check by Bendziunas on September 9, 1970 and that Bendziunas " * * * renegged [sic] on their prior agreement to balance their differences. * * *" Although the claimed oral modification is inartfully pleaded, being included among the conspiracy allegations, technical forms are not required and the allegations are a short and plain statement of the claim. Section 21–1–1(8) (a) and (e), N.M.S.A.1953 (Repl.Vol. 4).

There being factual issues to be decided at trial concerning the asserted oral modification and its breach, the trial court erred in granting summary judgment dismissing this claim against Bendziunas.

*Conspiracy to defraud.*

■ On the claim of conspiracy to defraud, plaintiffs marshall various facts to

support their position that a conspiracy existed between Bendziunas and the escrow agent. In a civil action, however, the basis for relief is not the conspiracy but the damages caused by acts committed pursuant to the conspiracy. Armijo v. National Surety Corp., 58 N.M. 166, 268 P.2d 339 (1954).

As to the claimed fraud, plaintiffs do no more than assert that fraud is usually a factual question. They have not attempted to show that a factual issue exists as to any of the elements of fraud as those elements have been stated in New Mexico decisions. See Prudential Insurance Company of America v. Anaya, 78 N.M. 101, 428 P.2d 640 (1967); Sauter v. St. Michael's College, 70 N.M. 380, 374 P. 2d 134 (1962). Plaintiffs had the burden of pointing out how the trial court erred when it ruled there was no material issue of fact as to the asserted conspiracy to defraud and that the Bank and Bendziunas were entitled to summary judgment as to this claim. Novak v. Dow, 82 N.M. 30, 474 P.2d 712 (Ct.App.1970); See Wilson v. Albuquerque Board of Realtors, 82 N.M. 717, 487 P.2d 145 (Ct.App.1971). Not having met this burden, the summary judgment on this claim is affirmed.

The summary judgments in favor of Bendziunas and the Bank on the claims of breach of the written contract and the conspiracy to defraud are affirmed. The summary judgment in favor of Bendziunas on their counterclaim is affirmed. The order striking plaintiffs' claim for waste is affirmed. The summary judgment dismissing plaintiffs' claim for damages against Bendziunas for breach of an asserted oral modification of the contract is reversed with directions to reinstate this claim on the docket of the court. We deny the Bank's request for an award of damages in favor of the Bank under § 21–2–1(17) (3), N.M.S.A.1953 (Repl.Vol. 4).

It is so ordered.

HENDLEY and SUTIN, JJ., concur.