521 P.2d 1037

James R. JOHNSON, Plaintiff-Appellant,

v.

CITY OF LAS CRUCES, a municipal corporation, Defendant and Third Party Plaintiff-Appellee,

v.

Celso MORALES, Third Party Defendant.

No. 1237.

Court of Appeals of New Mexico.

April 10, 1974.

Glenn B. Neumeyer, Sosa & Neumeyer, Las Cruces, for plaintiff-appellant.

Edward E. Triviz, Las Cruces, for defendant and third party plaintiff-appellee.

OPINION

SUTIN, Judge.

This is an appeal by plaintiff from a dismissal with prejudice of plaintiff's complaint against the City of Las Cruces by virtue of a release executed by plaintiff to Celso Morales. We affirm.

Plaintiff sued the City of Las Cruces for personal injuries received in an automobile accident involving a vehicle operated by Celso Morales and a vehicle operated by a city police officer in which plaintiff was a prisoner. Plaintiff settled and compromised his claim against Morales.

The order of dismissal determined:

\* \* \* [T]hat release of plaintiff providing for the release, acquittance and discharge of Celso Morales and his, her, their, or its agents, servants, successors, heirs, executors, administrators *and all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of services, expenses and compensation whatsoever,* which the undersigned now has/have or which may hereafter accrue on account of or in any way

growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting to or result from the accident, casualty or event which occurred on or about the 22 day of August, 1971 at or near Espina and Arizona, Las Cruces, New Mexico * * * does so provide for the extinguishment of any liability * * * sought to be asserted by the plaintiff * * *. [Emphasis added].

The release contained the language set forth in the order.

The city police officer and Celso Morales were joint tortfeasors. Plaintiff alleged that any judgment received by plaintiff against the defendant should be reduced by the amount received from Morales. This allegation was not contained in the release. Plaintiff was seeking additional damages from defendant.

Section 24-1-14, N.M.S.A.1953 (Vol. 5) provides:

A release by the injured person of one [1] joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors *unless the release so provides*; but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release, or in any amount or proportion by which the release provides that the total claim shall be reduced, if greater than the consideration paid. [Emphasis added].

■ Did the language of the release set forth in the order, supra, discharge the defendant City of Las Cruces? The answer is "Yes." The release did provide for the discharge of the other tortfeasor.

The above statute is identical with Section 4 of the original Uniform Contribution Among Tortfeasors Act. 9 Uniform Laws Annotated, p. 242 (1957).

■ Plaintiff's contention is that the release from plaintiff to Morales was not intended to release the City of Las Cruces. This contention fails because the plaintiff did not seek reformation of the general release in the trial court on the ground that it did not reflect the intention of the parties. See Peters v. Butler, 253 Md. 7, 251 A.2d 600 (1969); Tocci v. Albuquerque & Cerrillos Coal Co., 45 N.M. 133, 112 P.2d 515 (1941).

■ On appeal, we are bound by the record below. We can only look to the four corners of the release. It does not need construction because no claim is made that it is ambiguous. See Lindbeck v. Bendziunas, 84 N.M. 21, 498 P.2d 1364 (Ct.App.1972).

The language of the general release, supra, does discharge the City of Las Cruces from any liability to plaintiff under the above statute. Hodges v. United States Fidelity and Guaranty Co., 91 A.2d 473 (D.C.Mun.Ct.App.1952), 34 A.L.R.2d 1101; Morison v. General Motors Corporation, 428 F.2d 952 (5th Cir. 1970), cert. denied, 400 U.S. 904, 91 S.Ct. 142, 27 L.Ed.2d 141 (1970); Peters v. Butler, supra. The difference between a general and special release is shown in Rio Grande Gas Company v. Stahmann Farms, Inc., 80 N.M. 432, 457 P.2d 364 (1969) and Paclawski v. Bristol Laboratories, Inc., 425 P.2d 452 (Okl. 1967).

■ Plaintiff's remaining contentions (1) that there was no considerattion from the City of Las Cruces to plaintiff for the release; (2) the negligence of defendant and Morales are different in nature and not based upon a common liability, do not escape the language of the statute and the cases cited in support thereof.

Affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.