96 N.J. Super. 229 (1967)
232 A.2d 833
JEFFREY KNUTSEN, AN INFANT, BY HIS GUARDIAN AD LITEM, HAROLD KNUTSEN; HAROLD KNUTSEN, INDIVIDUALLY, AND RITA KNUTSEN, PLAINTIFFS-RESPONDENTS AND CROSS-APPELLANTS,
v.
LEONARD BROWN, MATTHEW FELDMAN, HACKENSACK HOSPITAL, HERMAN GROSSMAN AND BERNARD ETRA, DEFENDANTS-APPELLANTS AND CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 12, 1967.
Decided July 20, 1967.
*231 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. H. Curtis Meanor and Mr. Daniel K. Van Dorn argued the cause for appellants and cross-respondents (Messrs. Mead, Gleeson, Hansen & Pantages, attorneys for Leonard Brown; Messrs. Lamb, Blake, Hutchinson & Dunne *232 and Messrs. Braun & Braun, attorneys for Matthew Feldman, Herman Grossman and Bernard Etra; Messrs. Winne & Banta, attorneys for Hackensack Hospital).
Mr. Donald G. Collester, Jr. argued the cause for respondents and cross-appellants (Mr. William O. Barnes, Jr., attorney).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
On January 25, 1959 plaintiff Rita Knutsen (Rita), then seven months pregnant, was sitting in the front seat of an automobile being driven by her husband Harold when it was involved in a collision with automobiles driven by one Salamon and one Weindorf. Rita was thrown forward, injured her shin and was struck in the abdomen by her three-year old son who had been sitting on her lap.
On February 7, 1959 Rita gave premature birth to a child, plaintiff Jeffrey Knutsen.
Separate personal injury negligence actions instituted on behalf of the infant Jeffrey and the parents against Salamon and Weindorf were consolidated for trial. The consolidated cases, tried in February 1963, resulted in jury verdicts of $17,000 for the infant Jeffrey, $1,700 for Rita and a verdict of no cause for action as to the father and husband Harold.
A motion to set aside the verdicts as inadequate was denied. No appeal was taken. On June 14, 1963 Rita was appointed guardian of the person and property of Jeffrey. On June 18, 1963, having received payment of the amounts due on the judgment entered on the jury verdicts, Rita, both individually and as Jeffrey's general guardian, executed and delivered a warrant to satisfy the judgment.
Some 13 months later, on July 10, 1964, the present action was instituted to recover for injuries allegedly sustained by Jeffrey as the result of defendants' alleged negligence and medical malpractice, Jeffrey's parents suing per quod. Joined as parties defendants were the hospital in *233 which Jeffrey was born, Dr. Brown, the attending obstetrician, and three pediatricians who at various times up to August 1959 had treated Jeffrey.
Following the pretrial conference defendants moved for summary judgment, contending that the parents' per quod claim was barred by the statute of limitations and that the infant's claim had been fully satisfied by reason of the payment and satisfaction of the judgment entered in the automobile accident case.
The trial court denied summary judgment as to the infant's claim; it granted summary judgment dismissing the parents' derivative claim. Upon leave granted, defendants appeal from the denial of the motion as to the infant's claim; plaintiffs-parents appeal from the dismissal of their action.
We affirm, for the reasons expressed in the trial court's opinion, its determination that at the time this action was instituted on July 10, 1964 the parents' derivative claim was barred by the statute of limitations, N.J.S. 2A: 14-2. That cause of action was not and could not be revived by the subsequent enactment of N.J.S. 2A:14-2.1, which became effective on October 28, 1964.
The issue presented with respect to the infant's claim is whether the satisfaction of the judgment entered in the automobile accident case establishes, as defendants contend, that the infant has already received satisfaction for the injuries alleged to have resulted from the malpractice charged against defendants, so that prosecution of the malpractice action is barred.
The rationale controlling this case is to be found in Daily v. Somberg, 28 N.J. 372, 69 A.L.R.2d 1024 (1958), where, as here, plaintiff instituted successive actions against the driver and owner (Dealer's) of the automobile which injured him and against the treating physicians whose negligence allegedly caused plaintiff's injuries to become worse.
But in Daily the action against the original tortfeasor, Dealer's, was not tried to judgment. It was settled and *234 plaintiff gave Dealer's a general release. In reversing a summary judgment for defendant doctors the court said:
"If the release of Dealer's Transport Company was actually intended to release the doctors, or if the amount paid by Dealer's actually constituted full compensation for the plaintiff's claims against Dealer's and the doctors or was accepted as such, then the plaintiff may not fairly or equitably seek further recovery. But these issues of intent and full compensation are factual in nature and could not properly be determined by the trial court on the showing made on the defendants' motion for summary judgment. See Breen v. Peck, supra [28 N.J. 351, 73 A.L.R.2d 390]. The release to Dealer's did not on its face suggest that there was any intent to release the doctors nor did it suggest that the plaintiff received full compensation for his injuries." (at p. 384)
In the instant case there was no release; there was satisfaction of a judgment entered after a contested trial against the original tortfeasors. In such a case the first alternative question posed in Daily, did plaintiff intend to release the doctors, is not pertinent. But the second, whether the amount paid actually constituted full compensation for the total loss suffered by plaintiff as the result of the negligence of the original tortfeasors and the negligence of the doctors, is pertinent and the answer to it dispositive of plaintiff's right to prosecute the malpractice action.
Unlike the situation in the case of a release, the issue of whether a plaintiff who has received full satisfaction of a judgment entered against the original tortfeasors following a contested trial has received full compensation is not to be resolved by oral testimony. Rather, it is to be resolved from an examination of the record of the action against the original tortfeasors and a determination therefrom whether the judgment entered therein represented an award to the plaintiff for all the loss he sustained from the original injury, including that now alleged to have resulted from the alleged malpractice, or whether the recovery represented only the injury which resulted immediately from the automobile accident, independent of the additional harm caused him by the alleged negligence, mistake or lack of skill of *235 defendant doctors and hospital. Cf. Wheat v. Carter, 79 N.H. 150, 106 A. 602, 603 (Sup. Ct. 1919), cited in Daily v. Somberg, supra, 28 N.J., at p. 384.
If the first question is answered in the affirmative and the judgment in the first action found to encompass an award for all the injuries sustained by plaintiff, including those now alleged to be attributable to defendants' malpractice, then the satisfaction of that judgment bars the maintenance by plaintiff of the present action to recover for a portion of the total injuries. Theobald v. Kenney's Suburban House, Inc., 48 N.J. 203, 212 (1966); Restatement, Judgments, § 95, including comment (c); Prosser on Torts (3d ed. 1964), p. 268; see also, Hilbert v. Roth, 395 Pa. 270, 149 A.2d 648, 651 (Sup. Ct. 1959); 1 Harper & James, Torts, § 10.1, p. 710 (1956).
We emphasize that, contrary to what defendants suggest, it is not enough that plaintiff could have asserted and recovered for the total loss in the first action, this under the accepted rule "that where a person has suffered personal injury by reason of another's negligence, the tortfeasor is liable for any additional harm and expense caused the injured person by the negligence, mistake or lack of skill of the attending physician or surgeon," Annotation, "Torts  Negligent Treatment of Injury," 100 A.L.R.2d 808, 813 (1965); see also New York & N.J. Telephone Co. v. Bennett, 62 N.J.L. 742, 746 (E. & A. 1899). The issue, rather, is, did the judgment in that action in fact represent an award for plaintiff's entire loss? That issue is to be decided by comparing the injuries for which plaintiff seeks recovery in the present action with those for which he obtained recovery in the prior action.
That issue is not to be resolved, as the opinion below directs (93 N.J. Super., at p. 540), by having the jury in the malpractice case evaluate all plaintiff's "injuries and damages caused by all the tortfeasors" and comparing its evaluation with the $17,000 awarded by the jury in the automobile accident case. Such a comparison would be of *236 no legal significance. The very nature of the process of admeasuring damages for personal injuries results in different juries reaching different results in evaluating the same injuries.
The injuries for which plaintiff seeks recovery in the malpractice case are those set forth in plaintiff's answers to interrogatories and in the pretrial order. The injuries for which plaintiff recovered damages in the automobile accident case are to be ascertained by the court from an examination of the pertinent portions of the record in that case. Such portions of the record may include plaintiff's answers to interrogatories, the pretrial order, the testimony, the charge of the court and the opening and closing statements of counsel.
The procedure to be followed is analogous to that used in deciding a plea of collateral estoppel in order to ascertain whether or not the issues sought to be presented in the instant case were presented at the former trial.
"* * * the plea of collateral estoppel cannot be decided in vacuo, but must be predicated upon a careful study of the entire record of proceedings in order to ascertain the issues projected therein and the applicable legal principles involved." Robinson-Shore Development Co. v. Gallagher, 26 N.J. 59, 68 (1958)
In Camden, Atlantic, etc. Co. v. Ventnor City, 106 N.J.L. 125 (E. & A. 1929), the court commented:
"It certainly must be within the knowledge of both bench and bar that often times in the trial of causes, where the plea of res adjudicata has been interposed, the testimony taken at the former trial, and the charge of the court, have been admitted in evidence in order to ascertain whether or not the same issue or issues was or were presented at the former trial." (at p. 131)
See also Nystrom v. Pennycook, 29 N.J. Super. 456, 461 (App. Div. 1954); Isham v. Cooper, 56 N.J. Eq. 398 (E. & A. 1898).
In Isham the court, for the purpose of deciding whether defenses asserted in an action seeking an injunction had *237 previously been decided in a law action between the parties, reviewed, among other things, the pleadings, the bill of particulars and the specification of defenses in the law action.
Defendants have the burden of proving what they contend  that the judgment in the first action included plaintiff's entire loss. Daily v. Somberg, supra, 28 N.J., at p. 385; cf. Miller v. Miller, 13 N.J. 555, 558 (1953).
Since resolution of the posed question involves a study and comparison of the records in the two cases, the issue is to be tried by the court, not by the jury. Cf. 30A Am. Jur., Judgments, § 458, p. 502; 50 C.J.S. Judgments § 846, p. 420; see Robinson-Shore Development Co. v. Gallagher, supra, 26 N.J., at p. 68. The issue should be disposed of before trial of the merits of the malpractice action, Ishem v. Cooper, supra, 56 N.J. Eq., at p. 404, and may properly be decided upon a motion for summary judgment.
Because only record evidence is involved, we deem it preferable and more expeditious to proceed to make the required study and comparison of the records of the two cases rather than to remand the matter to the trial court for initial determination.
The record presently before us consists of what was before the trial court and of transcripts of the court's charge and the closing statements of counsel in the automobile accident case furnished to us at our request. So that the parties may have an opportunity to rely on other portions of the record and to direct their argument specifically to what we have ruled to be the controlling issue, permission is granted to defendants to file supplemental briefs and appendices on or before August 22, 1967. Plaintiff may file his supplemental brief and appendix on or before September 19, 1967. No further oral argument will be required unless the court hereafter so directs.