519 P.2d 315

**Alicia VACA and Hector Vaca, Plaintiffs-Appellees,**

v.

**L. H. WHITAKER, M. D., Defendant-Appellant.**

**No. 1182.**

Court of Appeals of New Mexico.

Feb. 6, 1974.

**80**

Wayne A. Jordan, Shipley, Durrett, Conway & Sandenaw, Alamogordo, Sherman & Sherman, Deming, for defendant-appellant.

Joe H. Galvan, Edward E. Triviz, Las Cruces, for plaintiffs-appellees.

## OPINION

WOOD, Chief Judge.

The issues are: (1) jurisdiction to consider an interlocutory appeal; (2) collateral estoppel; (3) effect of a satisfied judgment; and (4) propriety of summary judgment.

Plaintiffs are wife and husband. The complaint and answer establish that plaintiffs' vehicle was struck by a car driven by Gandara; that the wife suffered injury to her person in the accident; that she was examined by defendant and was under his professional care for a specified period of time. Defendant is a physician. Plaintiffs seek damages from defendant on a theory of negligence in diagnosis and treatment.

Defendant moved for summary judgment. The motion is supported by documents, not disputed, which show that plaintiffs recovered a judgment for damages against Gandara in the United States District Court. Claiming that plaintiffs could not recover damages in excess of the amount awarded in the federal litigation, defendant asserted he was entitled to summary judgment "as a matter of law as to the issue of the amount of damages suffered by the Plaintiffs." The trial court denied the motion.

*Jurisdiction to consider an interlocutory appeal.*

Defendant sought, and this Court granted, an interlocutory appeal on the basis of § 21–10–3, N.M.S.A. 1953 (Repl.Vol. 4, Supp.1973). Section 21–10–3(A), supra, refers to interlocutory orders or decisions in the district court. Section 21–10–3(B), supra, states: "The Supreme Court or court of appeals has jurisdiction over an *appeal from such an interlocutory order or decision, as appellate jurisdiction may be vested in these courts."* (Our emphasis).

Plaintiffs assert no jurisdiction has been given to this Court for the type of interlocutory appeal involved in this case. The type of interlocutory appeal involved is an appeal from an order or decision which does *not* practically dispose of the merits of the case. See § 21–10–3(A), supra. Plaintiffs contend the jurisdiction of this Court is limited to appeals from final judgments and from interlocutory orders "as practically dispose of the merits of the action, so that any further proceeding therein would be only to carry into effect" the interlocutory order. Sections 21–2–1(5)(1) and 21–2–1(5)(2), N.M.S.A. 1953 (Repl. Vol. 4).

Plaintiffs' contention fails to consider the constitutional provision which states that appellate jurisdiction of the Court of Appeals shall be as provided by law. N.M.Const. Art. VI, § 29; compare N.M. Const. Art. VI, § 2. Section 21–10–3(B), supra, expressly gives this Court appellate jurisdiction over the type of interlocutory appeal here involved. The phrase "as appellate jurisdiction may be vested" refers to the subject matter jurisdiction conferred on this Court by law. Subject matter jurisdiction in this case is conferred by § 16–7–8(A), N.M.S.A. 1953 (Repl.Vol. 4).

This Court has jurisdiction in this interlocutory appeal.

*Collateral estoppel.*

On the basis that plaintiffs recovered a judgment against Gandara in the federal litigation, defendant contends plaintiffs are estopped to seek damages against him in excess of the amount awarded in the federal judgment.

(a) The doctrine of collateral estoppel is the second aspect of res judicata defined in 1B Moore's Federal Practice, ¶ 0.405 (2d

ed. 1965). See Lawlor v. National Screen Service Corp., 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955). New Mexico decisions have applied this aspect of the doctrine. State v. Johnson, 52 N.M. 229, 195 P.2d 1017 (1948); Paulos v. Janetakos, 46 N.M. 390, 129 P.2d 636, 142 A.L.R. 1237 (1942).

(b) As defined, collateral estoppel may be applied only to parties or privies to the action in which the judgment was rendered. This limitation is known as the doctrine of mutuality. See Moore's Federal Practice, supra, ¶ 0.411. "[T]he mutuality requirement prevents a litigant from invoking the conclusive effect of a judgment unless he would have been bound if the judgment had gone the other way." Moore's Federal Practice, supra, ¶ 0.412[1].

(c) New Mexico decisions have not expressly referred to the doctrine of mutuality. However, Employers' Fire Insurance Company v. Welch, 78 N.M. 494, 433 P.2d 79 (1967) states: "As a general rule, the rights of the parties, for the purposes of subsequent controversies between them, are not determined in the absence of adversity in the suit in which the original judgment is rendered." See Adams v. Cox, 55 N.M. 444, 234 P.2d 1043 (1951); compare Salazar v. Murphy, 66 N.M. 25, 340 P.2d 1075 (1959).

(d) Defendant asserts the quotation from Employers' Fire Insurance Company v. Welch, supra, is dicta and, therefore, not a "precedent" binding on this Court. See Alexander v. Delgado, 84 N.M. 717, 507 P.2d 778 (1973).

(e) On the basis that the mutuality requirement is an open question in New Mexico, defendant urges us to adopt the so-called "modern" view of mutuality. That view is that where there is identity of issues between two suits, a party bound by a judgment in the first suit would be bound by the judgment in the second suit even though his adversary, who invokes the prior adjudication, was neither a party nor privy to the first suit and would not

have been bound by the judgment in the first suit had it gone the other way. See Moore's Federal Practice, supra, ¶ 0.-412[1], particularly, nn. 12 and 14 which list cases departing from the mutuality requirement and writers defending and opposing the doctrine of mutuality.

(f) To successfully invoke collateral estoppel, defendant must rely on the "modern" view of mutuality because he was not a party to the federal suit and does not claim that he was privy to that suit.

It is not necessary to decide the questions presented under this issue. Defendant's motion for summary judgment was directed to the damages recoverable in the suit against defendant. At oral argument, it was agreed that the judgment against Gandara had been satisfied. Thus, "a quite distinct principle" is involved. Prosser, Law of Torts, § 48 (4th ed. 1971). That principle is concerned with the effect of a satisfaction of judgment.

*Effect of a satisfied judgment.*

*Prosser,* supra, states that a plaintiff is entitled to but one compensation for his loss and that satisfaction of his claim prevents its further enforcement. "It is obvious that this rule is equitable in its nature, and that its purpose is to prevent unjust enrichment."

New Mexico decisions have applied this principle: (a) in disallowing duplicate awards for property damage, Snider v. Town of Silver City, 56 N.M. 603, 247 P.2d 178 (1952); (b) in disallowing damages for loss of use and profits from trucks when damages were allowed for rental of substitute trucks, Industrial Supply Company v. Goen, 58 N.M. 738, 276 P.2d 509 (1954); and (c) in providing that payments by one joint tort-feasor are to be applied to reduce the total damage award that may be recovered, Bailey v. Jeffries-Eaves, Inc., 76 N.M. 278, 414 P.2d 503 (1966); compare Garrison v. Navajo Freight Lines, Inc., 74 N.M. 238, 392 P.2d 580 (1964).

*Prosser,* supra, states:

"＊　＊　＊　[I]t is now held everywhere that an unsatisfied judgment against one tortfeasor does not bar an action against another. The plaintiff may bring separate suits, pursue each to judgment, and elect to enforce either or both. ＊　＊　＊

However, when a judgment against one tort-feasor is satisfied, *Prosser,* supra, states:

"＊　＊　＊　When payment of the judgment in full is made by the judgment debtor, there is no doubt that the plaintiff is barred from a further action against another who is liable for the same damages. ＊　＊　＊"

This rule has been applied where a judgment for plaintiff against the original wrongdoer has been satisfied and the plaintiff then seeks to recover from a physician for alleged malpractice. Cases involving this situation proceed on the basis that the original wrongdoer is liable for negligence of the physician in treating the injured person. Neither party disputes such liability in this case. See Jess Edwards, Inc. v. Goergen, 256 F.2d 542, 100 A.L.R.2d 804 (10th Cir. 1958); Gilbert v. New Mexico Const. Co., 39 N.M. 216, 44 P.2d 489 (1935).

In Ash v. Mortensen, 24 Cal.2d 654, 150 P.2d 876 (1944) the judgment had been satisfied of record; in addition, the plaintiff had signed a document releasing the original wrongdoer from further liability. *Ash,* supra, held this was effective to release the physician from liability for aggravating the original injury, if there had been full compensation, but not otherwise. In Selby v. Kuhns, 345 Mass. 600, 188 N.E.2d 861 (1963), the judgment against the original wrongdoer had been satisfied. *Selby,* supra, states: "It must be determined ＊　＊　＊ whether the amount paid on that judgment was full satisfaction in fact of the malpractice claim and if not

what is the uncompensated amount of that claim."

Knutsen v. Brown, 96 N.J.Super. 229, 232 A.2d 833 (1967) states: "If ＊　＊　＊ the judgment in the first action [is] found to encompass an award for all the injuries sustained by plaintiff, including those now alleged to be attributable to defendants' malpractice, then the satisfaction of that judgment bars the maintenance by plaintiff of the present action to recover for a portion of the total injuries." See also Sacchetti v. Springer, 303 Mass. 480, 22 N.E.2d 42 (1939); Cimino v. Alway, 18 Ariz. App. 271, 501 P.2d 447 (1972).

We follow the above cases and hold that if the federal court judgment was in fact a damage award for the injuries sustained by plaintiffs, and if the federal court judgment included the injuries now asserted to be attributable to defendant's negligence, then the satisfaction of the federal court judgment bars plaintiffs from recovering additional damages in this suit. Knutsen v. Brown, supra; Cimino v. Alway, supra. This is a factual question. In this case, this factual question is to be considered in the context of defendant's motion for summary judgment.

*Propriety of summary judgment.*

█ At trial, a claim of "prior satisfaction," in our opinion, would be a claim avoiding liability and, thus, an affirmative defense. See § 21–1–1(8)(c), N.M.S.A. 1953 (Repl.Vol. 4, Supp.1973). Thus, at trial, defendant would have the burden of proof on the issue. See Knutsen v. Brown, supra; Cimino v. Alway, supra. At trial, the issue would be determined by comparing the injuries for which recovery is sought in the present action with the injuries for which recovery was obtained in the prior action. This involves an examination of the pertinent portions of the record in the prior case. The fact of "prior satisfaction" is to be determined from the record, and not from oral testimony.[1] Knutsen v. Brown, supra;

---

1. When the record in the prior action is silent or ambiguous, so that the record does not show the injuries for which recovery was obtained, we recognized that oral testimony may

Cimino v. Alway, supra. Since the issue is resolved on the basis of the record, the issue is to be tried by the court and not by the jury. Knutsen v. Brown, supra.

Here, there has been no trial; the issue is before us on the basis of defendant's motion for summary judgment. Defendant did not present the record of the prior trial in support of his motion. What defendant did present was the jury instructions and the judgment in the federal litigation. Plaintiffs contend this showing is insufficient; that the motion could not be granted without consideration of the entire record in the prior trial.

Apparent support for plaintiffs' view is found in Knutsen v. Brown, supra, and Cimino v. Alway, supra. In *Knutsen,* supra, the trial court denied the motion for summary judgment; the appellate court stated the issue could properly be decided upon motion for summary judgment. However, in *Knutsen,* supra, the appellate court gave counsel opportunity to supplement the record in the appellate court instead of remanding to the trial court. *Knutsen,* supra, does not discuss summary judgment procedure in that jurisdiction. Cimino v. Alway, supra, held that the showing was insufficient to support the partial summary judgment that had been granted. In so doing, reference is made to denying summary judgment where there is the "slightest doubt" as to the facts. This is contrary to the New Mexico rule. Goodman v. Brock, 83 N.M. 789, 498 P.2d 676 (1972). The opinions in both of the above decisions indicate that the jury instructions in the prior case were before the court deciding the motion for summary judgment; neither decision discusses the showing made by the instructions.

■ Neither Knutsen v. Brown, supra, nor Cimino v. Alway, supra, justifies a departure from the summary judgment procedure set forth in Goodman v. Brock, supra. The first step in that procedure re-

quires the movant for summary judgment (defendant herein) to make a prima facie showing that he was entitled to summary judgment. In this case, the issue of prior satisfaction is a question of fact; a prima facie showing of an absence of a genuine fact question on this issue was required. "By a prima facie showing is meant such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." Goodman v. Brock, supra. Once such a prima facie showing was made "[t]he burden was on the plaintiff, as the party resisting the motion for summary judgment, to come forward and demonstrate that a genuine issue of fact requiring a trial did exist." Goodman v. Brock, supra.

Applying Goodman v. Brock, supra, we first consider defendant's showing as to the injuries for which recovery was obtained in the federal litigation.

The jury was instructed that Gandara "admitted liability for any damage which the plaintiffs may prove proximately resulted from the accident." The jury was also instructed:

(a) That plaintiffs "claim damages for all injuries proximately caused by the accident with the defendant, Juan Gandara, and by any negligence of Dr. Whittaker [sic], the physician from Deming."

(b) "Now, a person, such as Mr. Gandara in this case, causing an injury by his admitted negligence, is liable in damages for the injury and is also liable for any aggravation of that injury by any negligence of a physician who undertakes to treat that injury."

(c) "So you're instructed that you are to return a verdict in damages for the plaintiffs in this case, to the full extent of any injury you find was sustained as a result of the accident. Also, any injury you find was a proximate result of any negligence you might find on the part of Dr. Whittaker [sic] in treating Alicia Vaca."

be introduced. The oral testimony may properly be introduced only to explain the prior record; the oral testimony may not go beyond

that record. Lemon v. Morrison-Knudsen Co., 58 N.M. 830, 277 P.2d 542 (1954) ; 2 Black on Judgments, §§ 624–625 (2d ed. 1902).

ٔ

(d) That the elements of damage for the wife were the "nature, extent and duration of the injury;" "pain and suffering experienced as a result of the injury, and any reasonably certain to be experienced in the future;" and "value of any earnings lost."

(e) That the elements of damage for the husband included the "reasonable expense of necessary medical care, treatment and services rendered or received by his wife."

(f) That it was for the jury to determine whether any of the elements of damage had been proved by the evidence.

[7] Jury instructions may be considered in determining what has been adjudicated. Gunter v. Winders, 253 N.C. 782, 117 S.E. 2d 787 (1961); Patterson v. Anderson, 194 Va. 557, 74 S.E.2d 195 (1953).

■ The jury was instructed to return a verdict for "any injury" proximately resulting from defendant's negligence and was instructed as to the elements of damage to be considered in arriving at that verdict. The damage elements to be considered were the (a) nature, extent and duration of the injury, N.M. U.J.I. 14.3; (b) pain and suffering experienced and to be experienced, N.M. U.J.I. 14.5; (c) lost earnings, N.M. U.J.I. 14.7; and (d) expense of medical care, treatment and services rendered or received, N.M. U.J.I. 14.6. A verdict was returned in favor of plaintiffs. Judgment was entered on the verdict. This is a prima facie showing that the judgment in the federal case was an award covering these four elements of damage.

With the prima facie showing as to the four elements of damage itemized in the preceding paragraph, we consider whether plaintiffs met their burden of demonstrating that there was a genuine fact issue as to whether the judgment in the federal litigation was in fact an award covering these four elements.

Plaintiffs made no showing based on the record of the federal trial. There is nothing indicating the above four elements of damage were not in fact adjudicated in the federal suit. Plaintiffs did present an affidavit of trial counsel in the federal suit. That affidavit states that the federal judgment was for the "medical expenses incurred in Deming, New Mexico, and Alicia Vaca was awarded the amount of her loss of earnings, but received no damages whatsoever for her pain, suffering or disability."

■ Since the injuries for which recovery was obtained are to be determined by the record of the prior trial, plaintiffs' affidavit cannot properly be considered. It may not be properly considered because the affidavit is not supported by reference to the federal court record. However, analysis of the statements in the affidavit shows that, even if it were considered, the statements raise no fact issue. The statement as to the federal court recovery for medical expenses and lost earnings would support the prima facie showing of defendant as to these items. The statement of no recovery for pain, suffering or disability does not contradict the showing in the instructions that an award was to be made for these items, if proved.

Defendant's prima facie showing as to four elements of damage not being contradicted, we consider the injuries for which recovery is sought against defendant. The wife's claim is that defendant failed to have "adequate" x-rays taken of the wife; failed to "properly interpret and read" x-rays that were taken; and failed to diagnose a "compression fracture dislocation" at the level of the wife's seventh cervical vertebra.

As a result of these alleged failures, the wife asserts "over one month elapsed from the first examination by defendant until an examination * * * which disclosed the compression fracture dislocation and which necessitated the fusion of plaintiff Alicia Vaca's cervical spine." The wife also claims that the alleged negligent failure to diagnose the fracture "created complications at the time of delivery of plaintiff's baby due to the recent cervical fusion." These claims, as to the consequences of the

delay in diagnosis of the cervical problem, involve the nature, extent and duration of the injury.

The wife also claims pain and suffering because she was allowed to travel before diagnosis of the alleged fracture was made; because delay in the diagnosis resulted in delay of the fusion; and because the delay in the fusion caused complications during childbirth. These claims, as to the consequences of delay, involve pain and suffering.

There is no claim for either present or future lost wages in the suit against defendant.

The husband claims medical expenses in the suit against defendant.

We now make the required comparison.

■■■ Defendant made a prima facie showing that the federal judgment was an award for the nature, extent and duration of any injury and pain and suffering, present or future, resulting from defendant's negligence. The suit against defendant seeks recovery for these two items of damages. These claims against defendant, on the showing made, are barred by the satisfaction of judgment in the federal suit. Defendant was entitled to summary judgment as to these two items.

There being no claim for lost wages in the suit against defendant, this damage item simply is not involved in defendant's motion for summary judgment.

■■■ Defendant's prima facie showing as to medical expenses is limited to medical care, treatment and services rendered or received as of the time of the federal trial. To the extent the claim for medical expenses in the suit against defendant seeks recovery for the same medical expenses, the medical expense claim is barred by the satisfaction of judgment. To this extent only, defendant was entitled to summary judgment on the medical expense claim.

Defendant made no showing that future medical expenses were litigated or adjudicated in the federal trial. The instructions relied on do not refer to future medical. See N.M. U.J.I. 14.19; compare Baros v. Kazmierczwk, 68 N.M. 421, 362 P.2d 798 (1961). To the extent the medical claim in the suit against defendant is based on medical expense incurred subsequent to the federal trial, the medical claim is not barred by satisfaction of the federal judgment. Summary judgment as to this item was properly denied.

The trial court erred in its total denial of the motion for summary judgment. On the showing made, defendant was entitled to a partial summary judgment. The cause is remanded with instructions to set aside the order which totally denies the motion for summary judgment and to enter a partial summary judgment consistent with this opinion.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.