563 P.2d 91

**A. A. OWEN and Rubye N. Owen, his wife, Petitioners,**

v.

**BURN CONSTRUCTION COMPANY, Respondent.**

**No. 11134.**

Supreme Court of New Mexico.

April 18, 1977.

Rehearing Denied May 4, 1977.

Martin, Martin & Lutz, James T. Martin, Jr., Michael L. Winchester, Las Cruces, for petitioners.

Edward E. Triviz, Keith S. Burn, Las Cruces, for respondent.

## OPINION

EASLEY, Justice.

Plaintiffs A. A. Owen and his wife, Rubye, (Owen), owners of a restaurant building in Las Cruces, sued Burn Construction Company, Inc. (Burn) in damages for the negligent destruction of the building. The jury returned a verdict of $3500.00 in favor of Owen. Both parties filed motions for judgment notwithstanding the verdict and both motions were denied by the trial court. Both parties appealed to the Court of Appeals and that court reversed the trial court, directing that judgment be entered in favor of defendant notwithstanding the verdict. Owen petitioned for certiorari. We reverse the Court of Appeals and the trial court.

Burn held a contract with Las Cruces Urban Renewal Agency (Agency) to demolish a two-story hotel building immediately adjacent to Owen's restaurant building. While the work was in progress part of the second story of the hotel toppled onto Owen's structure, completely destroying its usefulness. The Agency agreed to com-plete the demolition of the Owen building and to remove the debris. Part of the agreement was that the action of the Agency in clearing Owen's lot would not prejudice Owen's right to seek damages against Burn for the destruction of the building.

Two months after the hotel collapsed on the Owen structure and after the debris had been removed, the Agency filed suit to condemn the vacant lot. The Agency and Owen stipulated to the entry of judgment whereby Owen would receive $59,072.00 for the vacant lot. The judgment signed by the court specifically set forth that the settlement was based on the value of the lot at the time the condemnation action was filed, i. e. without the building, and that the settlement would in no way affect any claim which Owen might have against Burn for the prior damage to the building.

Owen later filed this case against Burn to recover $26,000.00 in damages for the total destruction of the building. It was undisputed that the damage to the building was the fault of Burn. The evidence was also uncontested that the value of Owen's building at the time the damage occurred was $26,000.00.

On the theory that Owen had already been fully compensated by the Agency for both the lot and the building, Burn induced the trial court to take judicial notice of the entire file in the prior condemnation action. Over Owen's objections and in derogation of the express terms of the judgment entered pursuant to the stipulation of the parties, testimony and written opinions of the court-appointed appraisers were admitted into evidence to attempt to prove that the $59,072.00 appraised value included both the building and the land.

The jury returned a verdict for Owen in the inexplicable amount of $3500.00. Both parties moved for judgment n. o. v., which motions were denied; judgment was entered; both parties appealed.

The Court of Appeals held that the trial court should have entered judgment n. o. v. in favor of Burn, and remanded with instructions to set aside the $3500.00 judg-

ment for Owen and to enter judgment for Burn. This court granted Owen's petition for writ of certiorari.

Owen makes three contentions: (1) the judgment in the condemnation matter was clear and unambiguous; therefore, it was error for the trial court to permit evidence which varied and contradicted the judgment and it was error for the court to refuse an instruction that the building had not been paid for in the condemnation case; (2) the admission of written appraisals made by persons who were not called as witnesses and were not subject to cross-examination was violative of N.M.R.Evid. 802 [§ 20–4–802, N.M.S.A.1953 (Supp.1975)]; and (3) the Court of Appeals' direction of a verdict for Burn was improper because the record shows that Owen was entitled to that relief.

(1) Owen first contends that the two lower courts were in error in deciding that evidence of the condemnation suit and the appraisals made in conjunction therewith were admissible in this cause for the purpose of proving that Owen had already been paid for his building.

The consent judgment entered by stipulation of the Agency and Owen was in no way ambiguous. It provided: .

The compensation is based upon the value of the premises . . . on the date of the commencement of this action, and such award is not intended to affect any claim which the defendants may have against any person, firm or corporation who may have damaged said premises prior to the commencement of this proceeding, and the stipulation on file herein and this judgment shall not constitute a settlement or release of any claim which the defendants may have by reason of damage that may have occurred to the condemned premises prior to the commencement of this action; . . .

The written stipulation that was filed was even more explicit as to the parties' intent that the $59,072.00 be considered payment for the vacant lot.

However, the trial court permitted testimony and written opinions from the ap-

praisers that their evaluations in the condemnation suit included both the land and the building. The Court of Appeals held that the consent judgment was binding on the Agency and Owen but was not binding on Burn, that since the appraisers considered the value of the land and the building in arriving at their evaluations that Owen had already been justly compensated, that assessment of damages is the exclusive function of the jury and that "duplication of damages is not proper." We disagree that these principles of law are dispositive of the case.

It is true, as pointed out by the Court of Appeals, that a stipulated judgment is not considered to be a judicial determination; "rather it is a contract between the parties," *State v. Clark*, 79 N.M. 29, 439 P.2d 547 (1968); but this legal principle is not controlling and does not diminish the legitimacy of the claim or preclude the relief prayed for by Owen.

The rules to be followed in arriving at the meaning of judgments and decrees are not dissimilar to those relating to other written documents. Where the decree is clear and unambiguous, neither pleadings, findings nor matters dehors the record may be used to change or even to construe its meaning. *Chavez v. Chavez*, 82 N.M. 624, 485 P.2d 735 (1971).

Considering this consent judgment as a mere contract between Owen and the Agency affords no comfort to Burn. "It is well settled in New Mexico that where the language of a contract is clear and unambiguous, the intent of the parties must be ascertained from the language and terms of the agreement." *Hondo Oil & Gas Co. v. Pan American Petroleum Corp.*, 73 N.M. 241, 245, 387 P.2d 342, 345 (1963). In accord, *Brown v. American Bank of Commerce*, 79 N.M. 222, 441 P.2d 751 (1968). It is not the province of the court to amend or alter the contract by construction and the court must interpret and enforce the contract which the parties made for themselves. *Rubenstein v. Weil*, 75 N.M. 562, 408 P.2d 140 (1965); *Boylin v. United West-*

*ern Minerals Company*, 72 N.M. 242, 382 P.2d 717 (1963); *Davis v. Merrick*, 66 N.M. 226, 345 P.2d 1042 (1959).

■ The case of *Vaca v. Whitaker*, 86 N.M. 79, 519 P.2d 315 (Ct.App.1974) involved a malpractice suit in which there had been a prior judgment entered and satisfied and a new claim later filed for additional damages against a second party. The opinion states (86 N.M. at 83–84, 519 P.2d at 319–20):

> . . . This involves an examination of the pertinent portions of the record in the prior case. The fact of "prior satisfaction" is to be determined from the record, and not from oral testimony.[1]
>
> [1] When the record in the prior action is silent or ambiguous, so that the record does not show the injuries for which recovery was obtained, we recognized that oral testimony may be introduced. The oral testimony may properly be introduced only to explain the prior record; the oral testimony may not go beyond that record.

See also *Lemon v. Morrison-Knudsen Co.*, 58 N.M. 830, 277 P.2d 542 (1954); 2 Black on Judgments §§ 624–625 (2d ed. 1902).

The Court of Appeals in *Vaca, supra*, ruled that medical expenses incurred subsequent to the judgment in the prior case were not included among the issues litigated and the subsequent claim was not barred by satisfaction of the prior judgment. *Seven Rivers Farm, Inc. v. Reynolds*, 84 N.M. 789, 508 P.2d 1276 (1973); *Hollingsworth v. Hicks*, 57 N.M. 336, 258 P.2d 724 (1953); *Dunham v. Stitzberg*, 53 N.M. 81, 201 P.2d 1000 (1948); *Westbrook v. Lea General Hospital*, 85 N.M. 191, 510 P.2d 515 (Ct. App.), cert. denied, 85 N.M. 228, 511 P.2d 554 (1973).

*Lemon, supra*, holds that where the question is determinable by inspection of the record alone, without the aid of extrinsic evidence, it is then a matter of law and is for the court. See *Metzger v. Ellis*, 65 N.M. 347, 337 P.2d 609 (1959); *In re McMillan's Estate*, 38 N.M. 347, 33 P.2d 369 (1934).

In this case the words cannot be misconstrued; they spell out clearly that the parties intended that Owen should have the right to preserve this action against Burn for damages. There can be no legitimate claim of ambiguity; therefore, there was no need for the court to resort to evidence extrinsic to the agreement.

We are confronted with the specious reasoning of Burn, which corporation was not a party to the suit, that we should go behind the judgment and the specific stipulation signed by the parties and adopt unsworn testimony to emasculate these solemn documents. Who would know what was bought and sold and at what price better than the buyer and seller; and how much better can the bargain be sealed than by a lucid stipulation and judgment?

We hold that it was error to admit the evidence dehors the record to vary the terms of the judgment in condemnation; and, as a necessary corollary, we hold that it was error for the court to refuse Owen's instruction that he had not received compensation for his building in the first suit.

■ (2) Owen claims that the trial court was in error in admitting into evidence written appraisals of the property in question without the appraisers being present for cross-examination. The trial court held that the evidence was admissible under N.M.R.Evid. 803(6), [§ 20–4–803(6), N.M.S.A.1953 (Supp.1975)] as an exception to the hearsay rule because it was a record of a regularly-conducted activity. The rule provides that a report setting forth an opinion in the course of a regularly-conducted activity, "as shown by the testimony of the custodian or other qualified witness," is admissible even though the declarant is not available.

The evidence shows that the written appraisals were prepared for use in the condemnation proceedings, i. e., for purposes of litigation. The Agency did not prepare them but engaged outside parties, whom they did not supervise, to make the appraisals. The Agency would not vouch for the accuracy of the reports and did not know what factors were considered by the appraisers. The evaluation of one of the appraisers was based on the erroneous assumption that the building was forty years

old rather than ten years old. There was no opportunity for Owen to cross-examine, the appraisers not being present at the trial.

Owen claims that the circumstances under which the appraisals were prepared and presented provide none of the circumstantial guarantees of trustworthiness which are normally required to justify an exception to the hearsay rule. We agree.

N.M.R.Evid. 801(c), [§ 20–4–801(c), N.M. S.A.1953 (Supp.1975)] defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Unless the written appraisals fall within the protection of the exception asserted by Burn, the evidence is patently hearsay, since the plain object of offering the evidence was to prove the truth of the assertions in the written opinions that both the building and the land were included in the evaluation.

In *Lahr v. Lahr*, 82 N.M. 223, 478 P.2d 551 (1970) this court held that a husband's opinion as to the value of community real estate was admissible in evidence; however, the court ruled that the accountant employed by the husband could not testify by deposition regarding statements by the husband to the accountant as to the husband's opinion regarding the value of community realty. The court stated (82 N.M. at 225, 478 P.2d at 553):

. . . Even if these values are those of the defendant as well as of the appraiser, the accountant's deposition testimony remains hearsay because it is the testimony of a witness as to out-of-court statements of a declarant who was not a witness as to that specific subject matter. *Chiordi v. Jernigan*, 46 N.M. 396, 129 P.2d 640 (1942).

In *Chiordi* this court explained the basis of its exclusion of certain testimony as hearsay by stating (46 N.M. at 402, 129 P.2d at 644):

. . . That it is not subject to the tests which ordinarily can be applied to ascertain its truthfulness by cross-examination of the declarant; and because not given under the sanctity of an oath, and because the declarant is not subject to the penalties of perjury.

*First Sav. Bk. & Tst. Co., Alb. v. Elgin et al.*, 29 N.M. 595, 225 P. 582 (1924). See also *Davis v. Davis*, 83 N.M. 787, 498 P.2d 674 (1972); *Caranta v. Pioneer Home Improvements, Inc.*, 81 N.M. 393, 467 P.2d 719 (1970).

The prejudice inherent in the admission of such hearsay evidence is readily apparent. It is even questionable, although we. need not decide, that the evidence qualifies as a "record of a regularly conducted activity." See *Palmer v. Hoffman*, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943), affirming *Hoffman v. Palmer*, 129 F.2d 976, 991 (2d Cir. 1942); McCormick, Evidence § 308 (2d ed. 1972).

Therefore, even if Burn had the legal right to challenge the efficacy of the judgment in question, the entire evidentiary basis of his challenge was inadmissible hearsay. The trial court and the Court of Appeals were in error in holding otherwise.

■ (3) Owen's third issue on appeal is that the two lower courts were in error in failing to hold that Owen's motion for judgment n. o. v. should have been granted, and was in error in giving the same relief to Burn. We agree. The issues as to Burn are heretofore set forth. There is no rational basis to support the $3500.00 verdict awarded by the jury. Furthermore, as to Burn's liability and the amount of $26,-000.00 as the damages suffered by Owen there are no issues of material fact disclosed by the record.

■■ In a case such as this where the evidence on an issue of fact is undisputed, and the inferences to be drawn therefrom are plain and not open to doubt by reasonable men, the issue is no longer one of fact to be submitted to the jury, but becomes a question of law. *Griego v. Roybal*, 81 N.M. 202, 465 P.2d 85 (1970); *Loucks v. Albuquerque National Bank*, 76 N.M. 735, 418 P.2d 191 (1966); *Mantz v. Follingstad*, 84 N.M. 473, 505 P.2d 68 (Ct.App.1972). If reasonable minds cannot differ, then a di-

rected verdict is not only proper but the court has a duty to direct a verdict. N.M.R. Civ.P. 56(c) [§ 21–1–56(c), N.M.S.A.1953 (Repl.Vol. 4, 1970)]; *Goldenberg v. Village of Capitan*, 53 N.M. 137, 203 P.2d 370 (1948).

We have no hesitancy in holding that reasonable minds could not differ as to the liability of Burn or as to the amount of damages, since there literally is no evidence disputing either of these factual issues. The same holding pertains to the wholly-unsubstantiated award of damages in the verdict of the jury.

It necessarily follows that we dismiss the cross-appeal of Burn, reverse the Court of Appeals and the trial court on issues above indicated, affirm the Court of Appeals' decision ordering that the award to Owen of $3500.00 be set aside, and direct that judgment be entered, notwithstanding the verdict, awarding Owen $26,000.00 in damages plus his costs.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA and PAYNE, JJ., concur.